UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

IN RE:                                  :
                                        :
                                        :   Chapter 7
ONLINEAUTOPARTS, LLC                    :   Case No. 19-21510(JJT)
        Debtor                          :
                                        :   November 27, 2019

**APPLICATION FOR AUTHORITY TO**
**EMPLOY AND APPOINT ACCOUNTANTS**

TO THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF CONNECTICUT:

1. The above-named Debtor filed a petition under Chapter 7 of the Bankruptcy Code on August 30, 2019.

2. Anthony S. Novak, Esq. has been appointed Trustee of the Estate of the above-named Debtor, duly qualified and serving as such.

3. The Debtor's bankruptcy schedules, as well as information obtained by the Trustee at the Debtor's 11 USC Sec. 341 Meeting of Creditors held on October 7, 2019 and thereafter indicates that there were large payments made to vendors and other creditors of the Debtor. In addition, large payments appear to have been made by the Debtor to other entities or companies of the Debtor's principal which may constitute claims against these entities. Forensic Accounting services will also be necessary to assist the Trustee and counsel to the Trustee in investigating and pursuing possible Sec. 537 and Sec. 548 claims of the estate.

4. The Trustee believes it is necessary to hire an accountant in connection with this case to assist in the analysis and investigation of the financial affairs of the Debtor and is moving to employ and appoint Michael R. Blezard, CPA of Pue, Chick, Leibowitz & Blezard,

- 1 -

LLC ("Accountant") 76 South Frontage Road, Vernon, CT 06066, as accountants. The Trustee has selected Accountant because of their considerable expertise in forensic accounting and in matters of this type.

5. The Trustee believes it is in the best interest of the Estate to hire Accountant and to authorize them to render the following services:

   a. Assist the Trustee in analyzing the Debtor's prior tax returns and financial records, including but not limited to forensic examination, preparation of preferential payment issues, and assistance with asset/value fraudulent conveyance analysis.

   b. Prepare all appropriate federal and state income tax returns, informational returns, and any other returns, schedules, or documents which are necessary or appropriate for the Trustee to file with the various taxing authorities.

   c. Advise the Trustee on issues of federal and state tax compliance, assist in negotiations with federal and state tax authorities and prepare any documents in support of negotiations.

6. The terms of the employment of Accountant, subject to the Court's approval, are as follows:

   a. The hourly rates for the partners and principals of the firm are $250 to $400 per hour; manager and director rates are $150 to $240; senior staff rates are $90 to $140; and staff rates are $80 to $90 per hour. The maximum allowable compensation for said services shall be $25,000. In the normal course of business, Accountant periodically revises its hourly rates. Ten days prior to the revision of its rates, Accountant shall file a supplemental affidavit with the Court setting forth the basis for the requested rate increase pursuant to 11 U.S.C.

§330(a)(3)(F), recognizing that payment of any compensation is subject to approval by the Court.

    b. Accountant reserves the right to apply for an increase in the maximum allowable compensation where circumstances warrant it.

    c. Accountant shall also be reimbursed for actual necessary expenses as approved by the Court.

    d. Application for Compensation for services and expenses shall be submitted to the Court for approval.

7. To the best of the Trustee's knowledge, Accountant has no connection with the Debtor, creditors or any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee and do not hold or represent an interest adverse to the bankruptcy estate, and are disinterested parties under 11 USC Sec. 101(14).

WHEREFORE, the Trustee, pursuant to 11 USC Sec. 327, requests that the Court approve the employment of Accountant as accountants to perform the professional services described in this Application.

                                        CHAPTER 7 TRUSTEE

                                        By  */s/ Anthony S. Novak*
Anthony S. Novak, Trustee
280 Adams Street
Manchester CT  06042
Phone: 860.432-7710
Email: anthonysnovak@aol.com
Bar No.: ct09074

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD (JJT)

| | |
|---|---|
| IN RE: | : |
| ONLINEAUTOPARTS, LLC | : Chapter 7 |
| Debtor | : Case No. 19-21510(JJT) |

**AFFIDAVIT OF PROPOSED ACCOUNTANT**

STATE OF CONNECTICUT)
                       ) ss: Vernon
COUNTY OF HARTFORD  )

I, Michael R. Blezard, Member/Partner in the accounting firm of Pue, Chick, Leibowitz & Blezard, LLC ("Firm") hereby make solemn oath:

1. I am a Certified Public Accountant, Accredited in Business Valuation and a Certified Valuation Analyst.

2. The Firm maintains an office at 76 South Frontage Road, Vernon, CT 06066.

3. To the best of my knowledge, neither I nor any employee or member of the Firm has any connection to the Debtor, the Debtor's creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, except that the Firm has been retained by the Trustee of this Estate to provide consulting, accounting and tax services in other bankruptcy matters.

4. The Firm is a disinterested person within the meaning of 11 U.S.C. § 101(14) and represent no interest adverse to the Debtor or the Estate.

5. The professional services to be rendered by the Firm will include those required by the Trustee and detailed in the Application for Authority to Employ and Appoint Accountants.

6. The terms of the employment of said accountants agreed to by the Applicant, subject to the approval of the Court, is as follows:

| | |
|---|---|
| Partners & Principals: | $250 to $400 per hour |
| Directors & Managers: | $150 to $240 per hour |
| Senior Staff: | $90 to $140 per hour |
| Staff: | $80 to $90 per hour |

In the normal course of business, the Firm periodically revises its hourly rates. Ten days prior to revision of its rates, the Firm shall file a supplemental affidavit with the Court setting forth the basis for the requested rate increase pursuant to 11 U.S.C. § 330(a)(3)(F), recognizing that payment of any compensation is subject to approval by the Court.

7. The maximum amount of compensation sought is $25,000 and said compensation is based on the hourly rates set forth above.

Michael R. Blezard, CPA/ABV, CVA
Pue, Chick, Leibowitz & Blezard, LLC
76 South Frontage Road
Vernon, CT 06066
Phone: 860-871-1722 FAX: 860-871-1228
email: Michael_blezard@pue-cpas.com

Subscribed and sworn to before me this 27th day of November 2019.

Notary Public
My Commission Expires: 4/30/20

- 5 -

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD

In re:

ONLINEAUTOPARTS.COM, LLC

Case Number: 19-21510
Debtor    Chapter: 7

## PROPOSED ORDER APPROVING APPLICATION TO EMPLOY

Pursuant to 11 U.S.C. § 327, Anthony Novak, Trustee (the "Applicant"), filed an Application to Employ Pue, Chick, Leibowitz & Blezard, LLC as Accountants on November 27, 2019, (ECF No. _____). After notice and a hearing, it is hereby

**ORDERED:** That the Application to Employ Pue, Chick, Leibowitz & Blezard, LLC as Accountants is APPROVED; and it is further

**ORDERED:** That any professional employed in this case who has received or will receive a retainer for services rendered is not authorized to use any retainer funds unless and until an Application for Compensation is filed and approved by this Court; and it is further

**ORDERED:** That the allowance and payment of reasonable compensation and reimbursement for actual, necessary expenses are subject to further order of the Court in accordance with 11 U.S.C. §§ 328, 330 and/or 331; and it is further

**ORDERED:** That the maximum allowable compensation shall be $_____.