# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# HARTFORD DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO.: 19-21510 (JJT) |
| ONLINEAUTOPARTS.COM, LLC | : | CHAPTER 7 |
| Debtor. | : | |
| ANTHONY S. NOVAK, CHAPTER 7 TRUSTEE FOR THE ESTATE OF ONLINEAUTOPARTS.COM, LLC, | : | ADV. PRO NO.: 20-02018 |
| Plaintiff, | : | |
| v. | : | |
| CARDWORKS ACQUIRING, LLC | : | SEPTEMBER 28, 2020 |
| Defendant. | : | |

## MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

TO:    THE HONORABLE JAMES J. TANCREDI
          UNITED STATES BANKRUPTCY JUDGE

Anthony S. Novak, Chapter 7 Trustee for the Estate of OnlineAutoParts.com, LLC (the "Chapter 7 Trustee"), by and through his undersigned attorney, hereby respectfully submits this motion (the "Motion") for an order, pursuant to Federal Rule of Bankruptcy Procedure 9019(a), approving the proposed settlement to avoid a preference claim against Cardworks Acquiring, LLC.  In support thereof, the Chapter 7 Trustee represents as follows:

### BACKGROUND

1.      On August 30, 2019, (the "Petition Date"), the debtor, OnlineAutoParts.com, LLC (the "Debtor") filed voluntary bankruptcy petition under Chapter 7 of the United States Bankruptcy Code.

2.      Anthony S. Novak was appointed as Chapter 7 Trustee for the Debtor's Estate.

3. On June 19, 2020, the Chapter 7 Trustee commenced an adversary proceeding captioned Anthony S. Novak, Chapter 7 Trustee for the Estate of OnlineAutoParts.com, LLC v. Cardworks Acquiring, LLC, #20-02018 (the "Adversary Proceeding") concerning certain preference transfers made on or within ninety (90) days before the Petition Date, that is between June 1, 2019 and August 30, 2019 (the "Preference Period"), wherein the Chapter 7 Trustee's accountant analyzed the data and believes that the Chapter 7 Trustee has a valid claim net of defenses of $4,000.00.

4. Cardworks denies liability for any preference transfers.

5. The Chapter 7 Trustee and Cardworks (collectively, the "Parties") wish to avoid the risk and exposure of litigation.

## SUMMARY OF SETTLEMENT TERMS

6. Within fourteen (14) days of the entry of a final, non-appealable order by this Court approving the settlement and Settlement Agreement (attached as Exhibit A), Cardworks shall pay the Chapter 7 Trustee the sum of $3,000.00 (the "Settlement Amount"). Cardworks is waiving its §502(h) claim (but not its general proof of claim which will remain unimpaired).

## STANDARDS FOR SETTLEMENTS PURSUANT TO
## FED. R. BANKR. P. 9019(a)

7. Fed. R. Bankr. P. 9019(a) provides that "on motion by the trustee and after notice and a hearing, the bankruptcy court may approve a compromise or settlement." The Supreme Court has recognized that "in administering a reorganization proceeding in an economical and practical matter, it will often be wise to arrange the settlement of claims in which there are substantial and reasonable doubts." In re Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424-25, 88 S. Ct. 1157, 1163, 20 L. Ed. 2d 1, 9-10 (1968).

The settlement of time-consuming and burdensome litigation, especially in the bankruptcy context, is encouraged. In re: Penn Central Transportation Co., 596 F.2d 1002 (3d Cir. 1979).

8. Approval of a proposed settlement is within the "sound discretion" of the bankruptcy court. In re Neshaminy Office Buildings Associates, 62 B.R. 798, 803 (E.D. Pa. 1986). The court must determine whether the proposed settlement is in the "best interests of the estate." See In the Matter of Energy Cooperative, Inc., 886 F.2d 921, 927 (7th Cir. 1989). In determining whether to approve a compromise, the bankruptcy court should apprise itself "of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. Basic to this process, in every instance, of course, is the need to compare the terms of the compromise with the likely rewards of litigation." TMT Trailer Ferry, Inc., 390 U.S. at 424-25.

9. The bankruptcy court should consider five factors in striking the balance between the value of the compromise and the value of the claim: 1) the probability of success in the litigation; 2) the likely difficulties in collection; 3) the complexity of the litigation; 4) the expense, inconvenience and delay necessarily attending it; and, 5) the paramount interest of the creditors. In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 292 (2d Cir. 1992), cert. dismissed, 506 U.S. 1088, 113 S. Ct. 1070, 122 L. Ed. 2d 497 (1993). The court should not substitute its judgment for that of a trustee. Neshaminy Office Building Associates, 62 B.R. at 803. The court is not to decide the numerous questions of law or fact raised by litigation, but rather should canvas the issues to see whether the settlement falls below the lowest point in the

range of reasonableness.  In re W.T. Grant and Co. 699 F.2d 599, 608 (2d Cir. 1983), cert. denied, 464 U.S. 22 (1983).  In addition, "because the bankruptcy judge is unequally situated to consider the equities and reasonableness of a particular compromise, approval or denial of a compromise will not be disturbed on appeal absent a clear abuse of discretion."  Neshaminy Office Building Associates, 62 B.R. at 803 (citing, In re Patel, 43 B.R. 500, 505 (N.D. Ill. 1984).

10.    The Settlement Amount of $3,000.00 is 75% of the $4,000.00 claim, the amount the Chapter 7 Trustee's accountant determined to be a valid claim net of defenses.  In the Chapter 7 Trustee's judgment, this Settlement Agreement is in the best interest of the Estate and permits the Estate to avoid the risks and expenses associated with litigation.

## CONCLUSION

**WHEREFORE**, the Chapter 7 Trustee respectfully requests that the Court enter the annexed Order to approve the proposed settlement pursuant to Fed. R. Bankr. P. 9019(a) and grant such other and further relief as the Court shall deem just and proper.

Dated September 28, 2020 at New Haven, Connecticut.

                        **ANTHONY S. NOVAK, CHAPTER 7 TRUSTEE FOR THE ESTATE OF ONLINEAUTOPARTS.COM, LLC**

By:    /s/ *Jeffrey Hellman*
         Jeffrey Hellman (ct04102)
         Law Offices of Jeffrey Hellman, LLC
         195 Church Street, 10th Floor
         New Haven, CT 06510
         203-691-8762
         jeff@jeffhellmanlaw.com